IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

EDWARD STEWART,  :
        Plaintiff,  :
         :
        v.  :    Civil No. 2:20-cv-00776-JMG
         :
DAVID FELDMAN, *et al.*,  :
        Defendants.  :
_____

**MEMORANDUM OPINION**

This action arises from an alleged contract giving Plaintiff Stewart and Defendant Feldman each a 40% share of a bareknuckle fighting enterprise.[1]  Compl. (Doc. 1) at ¶¶ 18-19.  Stewart alleges the written agreement obligated him to finance the business in return for his stake, and after contributing over $250,000 to Feldman for investments in the business from 2013 to 2017, neither Feldman nor the Corporate Defendants recognize Stewart's claim to ownership.  Compl. at ¶¶ 20, 23-44, 91.  On February 11, 2020, Stewart filed the Complaint (Doc. 1), claiming Declaratory Relief (Count I), Accounting (Count II), Breach of Contract (Count III), Constructive Trust (Count IV), Unjust Enrichment (Count V), Breach of Fiduciary Duty (Count VI), and Fraud (Count VII).

On February 25, 2020, Defendants filed their Motion to Dismiss Plaintiff's Complaint, seeking dismissal of Stewart's claims.  (Doc. 2).  On March 9, 2020, Plaintiff filed his Response in Opposition to the Motion to Dismiss (Doc. 8); and on March 19, 2020, Defendants filed their Reply to Plaintiff's Response in Opposition.  (Doc. 9).

Plaintiff alleges he is a party to a contract in which he financed a bareknuckle fighting enterprise for 40% equity in the business, and Defendants breached the contract by not recognizing

---

[1]  In determining a motion to dismiss for failure to state a claim, the Court assumes the Complaint's factual allegations are true even if doubtful in fact.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In this case, the Court finds Plaintiff's claim of a written contract plausible even though the contract is not in his possession.  Compl. at ¶¶ 18-19.

Plaintiff's stake.  See Compl. at ¶¶ 18-20, 88-94.  In pleading a breach of contract claim, the complainant must sufficiently allege "(1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages."  Corestates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. 1999).  Stewart sufficiently identifies the contract's considerations and parties, essential terms of the contract.  See Compl. at ¶¶ 18-20.  Stewart also plausibly alleges Defendants breached the contract, causing him resultant contract damages.  See Compl. at ¶¶ 46, 49, 64, 69-71.  Assuming the factual allegations are true, as necessary at this stage, Plaintiff raises "a right to relief above the speculative level" for a breach of contract claim, and the Court denies Defendant's motion to dismiss Count III of the Complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Stewart did not join an unidentified third party to the contract as a defendant, and Defendants move to dismiss the breach of contract claim for failure to join an indispensable party.  Def.'s Br. at 6-7.  Presently, the Court has no reason to order joinder of the unidentified party as Stewart claims the Defendants breached the contract, not the other party.  The Court can accord complete justice in absence of the third party and rejects Defendant's argument for dismissal on these grounds.  CRY, Inc. v. Mill Service, Inc., 640 A.2d 372, 375 (Pa. 1994); Fed. R. Civ. P. 19.

Plaintiff alleges a cause of action for constructive trust.  A constructive trust is an equitable remedy, not an independent cause of action, and the Court dismisses Count IV of the Complaint with prejudice.  Massachusetts Mut. Life Ins. Co. v. Curley, 459 Fed. Appx. 101, 108 (3d Cir. 2012); Mackachinis v. McCosar Minerals, Inc., 2013 WL 1752472 (M.D. Pa. Apr. 23, 2013).  An accounting is also a remedy and the Court dismisses Count II of the Complaint with prejudice. Pennsylvania Ship Supply, Inc. v. Fleming Intern, LTD., 113 F.Supp. 2d 760, 764 (E.D. Pa. 2000).[2]

Defendants move to dismiss Plaintiff's claim for unjust enrichment, arguing they did not "accept and retain benefits" from Stewart.  Def.'s Br. at 8; Com. ex. rel. Pappert v. TAP Pharm.

---

[2]   The Court acknowledges both Counts as possible remedies available to Stewart.

Prods., Inc., 885 A.2d 1127 (Pa. Commw. 2005). Stewart alleges he provided funds to Feldman for investment in the corporate Defendants on numerous occasions while still not receiving his equity. See Compl. at ¶¶ 23-25, 30-44. Accepting those factual allegations as true, Stewart raises a plausible claim that Defendants accepted and retained those investments, raising a plausible unjust enrichment claim. Twombly, 550 U.S. at 555. Therefore, the Court denies Defendants' motion to dismiss Count V of the Complaint.

Defendant Feldman moves to dismiss Stewart's claim for breach of fiduciary duty under the gist of the action doctrine, which precludes plaintiffs "from re-casting ordinary breach of contract claims into tort claims." Empire Trucking Co., Inc. v. Reading Anthracite Coal Co., 71 A.3d 923, 931 n. 2 (Pa. Super. 2013). A minority shareholder in a joint venture can assert a breach of fiduciary duty as a separate tort action from a contract claim because breached fiduciary obligations arise from social policy requiring fair dealing between shareholders. Bohler-Uddenholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79, 105 (3d Cir. 2001). The Complaint alleges Feldman is a managing member of the business, Stewart was a shareholder who invested money in the business, and Feldman failed to fulfill fiduciary duties to the shareholder, including providing financial information upon request. See Compl. at ¶¶ 20, 23-25, 30-46, 49, 57, 62. As stated above, Plaintiff plausibly alleges there is a contract making him a shareholder in this venture, and accepting the Complaint's factual allegations as true, a plausible claim for breach of fiduciary duty arises and the Court denies Defendant's motion to dismiss Count VI.

Defense moves for dismissal of Stewart's fraud claim for failure to state a claim and under the gist of the action doctrine. To survive a motion to dismiss a fraud claim, Fed. R. Civ. P. 9(b) requires the complainant to allege the "who, what, when, where, and how of the events at issue." United States ex rel. Bookwalter v. UPMC, 946 F.3d 162, 176 (3d Cir. 2019). The Complaint merely alleges "on information and belief" that Feldman transferred Bare Knuckle Fighting Championship to other entities and diluted ownership to defraud Stewart. See Compl. at ¶¶ 70-

71. Stewart failed to plead the "how" portion of his fraud claim, and the Court grants Defendant's motion to dismiss Count VII without prejudice.[3]

An appropriate Order accompanies this opinion.[4]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3] When a plaintiff fails to state a claim for relief, the Court will permit a curative amendment, so long as it would not be inequitable or futile. Philips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

[4] By not dismissing all counts, the Court recognizes a dispute and denies Defendants' motion to dismiss Count I for Declaratory Action.