IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br>                      Plaintiff,<br>v.<br>DAVID FELDMAN, *et al*.,<br>                      Defendants. | Civil Action No.<br><br>2:20-cv-00776-JMG |

**O R D E R**

AND NOW, to wit, as of this ____ day of _____, 2020, upon due consideration, it is hereby ORDERED and DECREED that Defendants' Rule 12(b)(6) Motion to Dismiss Count V -Fraud- of Plaintiff's Amended Complaint with Prejudice is GRANTED.

                                            **BY THE COURT:**

                                            _____
                                            **HON. JOHN M. GALLAGHER**
                                            **U.S.D.J.**

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID FELDMAN, *et al*.,<br><br>　　　　　　　　Defendants. | Civil Action No.<br><br>2:20-cv-00776-JMG |

**DEFENDANTS' DAVID FELDMAN, BARE KNUCKLE, LLC, BARE KNUCKLE BOXING, LLC, ABC CORP. 1-15, AND JOHN DOES 1-5 'S MOTION TO DISMISS COUNT V- FRAUD- OF PLAINTIFF'S AMENDED COMPLAINT**

To The Honorable Court:

For the reasons set forth in the accompanying Memorandum of Law, your Defendants respectfully request that this Court to DISMISS WITH PREJUDICE Count V -Fraud- of Plaintiff's Complaint, in accordance with Rules 12(b)(6) of the Federal Rules of Civil Procedure.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

06/19/2020　　　　　　　　　　　　　　**LAW OFFICE OF SIMON ROSEN, PLLC**

　　　　　　　　　　　　　　　　　　　　By:　/Simon Rosen, Esq./　(#6279)

　　　　　　　　　　　　　　　　　　　　Counsel for Defendants/Movants

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br><br>                 Plaintiff,<br>  v.<br><br>DAVID FELDMAN, *et al.*,<br><br>                 Defendants. | Civil Action No.<br><br>2:20-cv-00776-JMG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' DAVID FELDMAN, BARE KNUCKLE, LLC, BARE KNUCKLE BOXING, LLC, ABC CORP. 1-15, AND JOHN DOES 1-5 'S MOTION TO DISMISS COUNT V (FRAUD) OF PLAINTIFF'S COMPLAINT**

Defendants David Feldman, Bare Knuckle, LLC, Bare Knuckle Boxing, LLC, ABC Corp. 1-15, and John Does 1-15 (collectively, the "Feldman Defendants"), by and through their undersigned counsel, and in accordance with Fed. R. Civ. P. 12(b)(6), hereby submit this memorandum of law in support of their motion to dismiss Count V (Fraud) of plaintiff's Complaint filed June 5, 2020 (the "Amended Complaint") with prejudice.[1]

---

[1] A true and correct copy of the Amended Complaint is attached as Exhibit A.

3

## I. INTRODUCTION

On May 6, 2020, this Court issued a Memorandum Opinion and Order granting, in part, Defendants' Rule 12(b) motion to dismiss plaintiff's claims for accounting, constructive trust, and fraud. The Court entered the dismissal without prejudice, with leave for plaintiff to file an amended complaint. A copy of the Court's Memorandum Opinion is attached as Exhibit B and incorporated by reference as though fully set forth herein and made a part hereof.

On June 5, 2020, plaintiff filed an Amended Complaint, omitting the constructive trust and accounting claims, but re-pleading the fraud claim as Count V, which fraud claim had been dismissed without prejudice. It is defendants' position that the fraud claim, as set forth in the Amended Complaint, remains fatally flawed, and therefore should be dismissed, with prejudice, as a matter of law, pursuant to Rule 12(b)(6).

## II. ARGUMENT

### A. Applicable Legal Standard

When considering a Rule 12(b) motion to dismiss, the Court must "accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted." Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). The Court, however, is not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007)). *Twombly* holds that, to survive a motion to dismiss, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level," presenting more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. at 555. A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Thus, "it is clear

4

that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  To avoid dismissal, "all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." Id.  Allegations that are "no more than conclusions" are not entitled to the assumption of truth.  Santiago v. Warminster Township, 629 F.3d 121, 130 (3d Cir. 2010).

**B.        Plaintiff Fails to Plead A Justiciable Fraud Claim.**

Count V of the Amended Complaint, for fraud, remains fatally flawed, and should be dismissed as it was in the original Complaint.  In its original decision dismissing the fraud count in the Complaint, this Court opined that fraud was not pleaded with sufficient specificity.  This Court noted, at Page 4 of its Opinion, that plaintiff did not specify "how" plaintiff was defrauded. Movants respectfully submit that plaintiff continues not to specify, with the requisite particularity pertaining to scrutiny of fraud pleading, how plaintiff was defrauded by defendants.

It is well-settled that fraud must be pleaded with specificity, and "how" the plaintiff was defrauded, likewise must be specifically pleaded.   This concept goes hand-in-hand with the Rule 9(b) of the Federal Rules of Civil Procedure, which mandates in relevant part that,

" In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." [Emphasis added.]

Review of Count V for fraud demonstrates a lack of the requisite particularity.  To wit:

Paragraph 110 of the Amended Complaint alleges that,

" . . . Stewart would receive 40% of **the business** in return . . .".  [Emph. added.]

The facts as alleged are that there were a series of companies involved in a series of transactions.  Review of the Complaint reveals an allegation of multiple businesses.  Specificity requires that plaintiff specify how plaintiff was defrauded- was he defrauded by being promised a

5

piece of everything defendants were involved in- all businesses- all companies- all enterprises? Instead, defendants broad-brush a general allegation that Stewart was defrauded by being promised 40% of "the business", without defining anywhere in the Amended Complaint what "the business" means.  This represents an example of lack of specificity as required by Rule 9(b).

As argued above, this Court, dismissed the fraud claim on May 6, 2020, compelling plaintiff to refile an Amended Complaint.  Plaintiff was afforded Thirty (30) days to ponder the situation, given ample opportunity to specify how defendants defrauded plaintiff.   This Court can take judicial notice of the fact that the Amended Complaint was filed on the final day, the 30th day, plaintiff taking the full 30 days to figure out and verbalize the fraud purportedly perpetrated upon him by defendants. Yet, Paragraph 112, proffered by plaintiff to show the Court exactly how plaintiff was defrauded, is woefully short of alleging fraud.  Paragraph 112 of the Amended Complaint alleges fraud was commited by defendants by,

> " . . . by promising to execute a formal agreement, by promising to provide financial documents, and by giving him VIP status during BKFC events."

This is the crux of the "how" as alleged by plaintiff in retort to the Court's imploring the plaintiff to plead "how" plaintiff was defrauded.  Well, defendants submit that Paragraph 112 shows no fraud, at best it sets forth a promissory estoppel argument.

Is a promise to "execute a formal agreement" actionable fraud? A promise to provide financial document fraud?  Is providing someone "VIP status" to boxing events fraud?

Under Penna. law, requisite elements of fraud are **causation and justifiable reliance**.  See, for example, Weinberg v. Sun Co., Inc, 777 A.2d at 446 (footnote omitted). See also Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004).

Here, the acts of not signing an agreement, not providing financial records, and giving someone free seats to boxing events do not equate to actionable fraud.  Conversely:

1. Providing false records; or

2. Fabricating phony contracts; or

3. Giving someone free VIP seats to boxing events and telling that somone that you are the owner of the Philadelphia Eagles to extract money out of them . . .

. . . those are all acts for fraud. The problem for plaintiff? None of that happened in this case at bar.

Likewise, assuming, arguendo, that defendants formed separate businesses, there is no particularity as to how operating separate businesses constitutes fraud. There is no co-mingling of funds, no basis for fraud. It is permissible under the law to form separate businesses for separate events or occurrences. Further, plaintiff's fraud count on its face is vague and ambiguous by plaintiff claiming entitlement to "the business" when it is clear from the pleadings that the multiple defendants operated multiple businesses. This is not actionable fraud.

Count V does not set forth material misrepresentations of fact which plaintiff justifiably relied upon causing damages to plaintiff. For these reasons, the fraud count should be properly dismissed with prejudice.

### III. CONCLUSION

For the above-stated reasons, this Court should GRANT the within Motion to Dismiss, and Count V- Fraud- of plaintiff's Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

**LAW OFFICE OF SIMON ROSEN, PLLC**

Dated: June 19, 2020

By:  /Simon Rosen, Esq./  (#6279)

Counsel for Defendants/Movants

## **CERTIFICATE OF SERVICE**

I, Simon Rosen, Esq., hereby Certify that a true and correct copy of the within Motion to Dismiss and accompanying papers was duly served upon all interested by parties on 6-19-20 through the Court's ECF Filing system.

Dated: 6-19-20                       /Simon Rosen, Esq./