IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>DAVID FELDMAN, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No.<br><br>2:20-cv-00776-JG |

# O R D E R

AND NOW, to wit, as of this \_\_\_\_ day of _____, 2020, upon due consideration, it is hereby ORDERED and DECREED that Defendants' Motion for Protective Order is GRANTED; it is further ORDERED and DECREED that further discovery which the parties cannot agree upon shall be supervised by The Hon. Magistrate Judge Timothy Rice, pending further Order of this Court.

　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**HON. JOHN GALLAGHER**
　　　　　　　　　　　　　　　　　**U.S.D.J.**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br>　　　　　　　　Plaintiff,<br>　v.<br>DAVID FELDMAN, *et al*.,<br>　　　　　　　　Defendants. | Civil Action No.<br><br>2:20-cv-00776-JP |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER

To The Honorable Court:

　　For the reasons set forth in the accompanying Memorandum of Law, your Defendants respectfully request that this Court issue a Protective Order to avoid undue prejudice to defendants, including but not limited to irreparable harm.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

07/31/2020　　　　　　　　　　　　　　**LAW OFFICE OF SIMON ROSEN, PLLC**

　　　　　　　　　　　　　　　　　　　　By:　/Simon Rosen, Esq./　(#6279)

　　　　　　　　　　　　　　　　　　　　Counsel for Defendants/Movants

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br><br>                      Plaintiff,<br>v.<br><br>DAVID FELDMAN, *et al*.,<br><br>                      Defendants. | Civil Action No.<br><br>2:20-cv-00776-JP |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**

COME NOW your Defendants, David Feldman [Sr.] et al., who through their counsel, Simon J. Rosen, Esq., of Law Office of Simon Rosen, PLLC, respectfully move as follows:

**I.**  **<u>INTRODUCTION</u>**

Plaintiff EDWARD STEWART ("Stewart") filed this civil complaint against defendants, alleging breach of contract, breach of fiduciary duty, and fraud claims against defendants, alleging $250,500 paid to defendants from 2013 to 2017. The original Complaint alleged the existing of an express written agreement between plaintiff and defendants; an Amended Complaint was later filed recanting the existence of an express written agreement, changing the story to the purported existence of an oral agreement

3

between plaintiff and defendants dated back in 2012. Parags. 17 and 18 of the Amended Cmoplaint.  It was after this alleged oral agreement that Stewart gave defendant Feldman $250,500, purportedly for "an as-yet-to-be-formed business". Parag. 18 of the Amended Complaint.  The Amended Complaint specifies where most of the money Stewart paid to defendants was spent, as follows:

$150,000 for fight in Mexico- 2013 (which never occurred)

$77,000 for "Kimbo Slice" fight event- 2014 (which never occurred)

$23,500 to "BKFC" (neither a defendant nor a cognizable entity) for unspecified usage- 2016 and 2017.

It is significant to note that throughout the Amended Complaint, the operative alleged wrongdoing party designated by plaintiff is "BKFC", which, in fact, is not a cognizable entity nor a named defendant.

Pending before this Court is a motion to dismiss the fraud claim. Notwithstanding various affirmative defenses including statute of limitations, statute of frauds, <u>inter alia</u>, of immediate concern to defendants is plaintiff's efforts to obtain confidential, proprietary information beyond the scope of the relevant and material issues in this case.

It is defendants' position that plaintiff is a scorned investor.  After the parties parted ways, defendants obtained new investors, formed new businesses, and plaintiff is doing whatever he can do to attempt to interfere with defendants' ongoing business pursuits with new investors- in an effort to either recoup his lost investment or to somehow obtain equity in defendants' subsequent companies which are unrelated to the investment matters with defendants that plaintiff was involved.

Plaintiff's aggressive efforts to obtain sensitive, confidential financial information regarding defendants' current dealings would act to expose trade secrets, manners of

dealings, customs, trade practice, intellectual properties, and financial dealings that would jeopardize defendants and their investors and business associates.

Accordingly, defendants seek a protective order, barring plaintiff from obtaining any further documents other than what has been already produced, subject to review from this tribunal. Towards that end, your defendants seek the services of Magistrate Judge Timothy Rice to oversee continuing discovery, so that His Honor can properly rule on what additional discovery is discoverable, and what should be excluded as privileged or beyond the scope of discovery in this case.

## II. ARGUMENT

### A. THIS COURT SHOULD GRANT THE PROTECTIVE ORDER BASED UPON THE FACTS AND CIRUMSTANCES OF THIS CASE.

Rule 26 (c) of the Federal Rules of Civil Procedure empower this Court to enter a protective order to protect a party against, " . . . annoyance, embarrassment, oppression, or undue burden or expense", and in doing so, is empowered to order any or all of the following:

" (1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."

Defendants seek to avail themselves to all of these remedies.

The most logical and judicious manner in doing so is to empower Magistrate Judge Rice to oversee discovery.  The additional documents sought by plaintiff are based upon a 2012 oral agreement, not relevant or material to defendants' current business dealings.  The motive of the plaintiff is to squeeze defendants, to disrupt defendants' business, to harass defendants, to annoy defendants, to embarrass defendants, and to cause financial harm to defendants.

Accordingly, a protective order should be issued, and discovery disputes referred to Magistrate Judge Timothy Rice for further adjudication.

### B. CERTIFICATION BY DEFENSE COUNSEL

Pursuant to Rule 26(c), movant's counsel certifies that he has in good faith conferred with plaintiff's counsel Dan Auerbach, Esq., in an effort to resolve discovery disputes without court action, to no avail.

### III. CONCLUSION

For the above stated reasons, defendants respectfully request that this Court GRANT their Motion for Protective Order.

Dated: July 31, 2020                    **LAW OFFICE OF SIMON ROSEN, PLLC**

                                        By:  /Simon Rosen, Esq./  (#6279)

                                        Counsel for Defendants/Movants

## **CERTIFICATE OF SERVICE**

I, Simon Rosen, Esq., hereby Certify that a true and correct copy of the within Motion for Protective Order and accompanying papers was duly served upon all interested by parties on 7/31/20 through the Court's ECF
Filing system.

Dated: 7-31-20                    /Simon Rosen, Esq./