IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| EDWARD STEWART, | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil No. 2:20-cv-00776-JMG |
| | : |
| DAVID FELDMAN, *et al.*, | : |
| Defendants. | : |

_____

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
### PLAINTIFF'S AMENDED FRAUD CLAIM

**AND NOW**, this 6th day of August, 2020, upon consideration of the Amended Complaint (Doc. 17), Defendants' Motion to Dismiss Plaintiff's Fraud Claim (Doc. 18), Plaintiff's Response to Defendants' Motion (Doc. 19), and Defendants' Reply to Plaintiff's Response (Doc. 23), **IT IS HEREBY ORDERED THAT:**

Plaintiff's fraud claim is DISMISSED without prejudice.[1]

---

[1]   Plaintiff amends his fraud claim after the Court dismissed its original claim without prejudice. See Order, ECF No. 12; Am. Compl. ¶¶ 109-124. To allege fraud, Fed. R. Civ. P. 9(b) requires the plaintiff to plead "the who, what, when, where, and how of the events at issue." United States ex rel. Bookwalter v. UPMC, 946 F.3d 162, 176 (3d Cir. 2019). A fraud plaintiff must allege the setting of the alleged fraud, "or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). In his original fraud claim, Plaintiff failed to plead the "how" of the alleged fraud by alleging only "on information and belief" that Feldman transferred Bare Knuckle Fighting Championship to other entities and diluted ownership to defraud Stewart. Compl. ¶¶ 70-71.

Plaintiff's amended complaint does not inject precision into how Defendant committed fraud. Plaintiff alleges the following facts: he gave Feldman capital for investment, Feldman promised to draft a formal agreement, Feldman treated him to VIP access, Feldman created and operates new corporate entities, and Plaintiff suffered damages. Am. Compl. ¶¶ 110-124. The principal cause of Stewart's failure to allege a fraud claim is his inability to particularize how Feldman created new entities to perpetuate fraud against him, which is the heart of the claim. Stewart's allegation "to further his fraudulent scheme, Feldman created new entities to carry out BKFC's business," lacks the requisite precision for a fraud allegation. Am. Compl. ¶ 15. Without an articulated connection between Feldman's creation of new entities and his alleged fraudulent scheme, Plaintiff's fraud claim remains insufficiently pled.

The Court dismisses Plaintiff's fraud claim without prejudice. When a plaintiff fails to state a claim for relief, the Court will permit a curative amendment, so long as it would not be inequitable or futile. Philips v. Cty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). The Court

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

grants Plaintiff leave to file an amended complaint within ten (10) days of the entry of this Order if he wishes. The Court advises it may not grant leave for amending the complaint again if Plaintiff repeatedly fails to cure the pleading deficiencies. See Foman v. Davis, 371 U.S. 178, 182 (1962).