IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Edward Stewart

vs.

David Feldman, *et al.*

Civil Action
No. 20-776

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME

Plaintiff Edward Stewart asks this Court to deny Defendants' request to delay discovery responses by yet another two weeks. Alternatively, he asks this Court to extend all case deadlines by a month to allow him to obtain discovery despite Defendants' continual delay tactics.

### BACKGROUND

Before the Rule 16 conference, on May 25, 2020, Plaintiff propounded requests for documents on Defendants. Months later—after asking for repeated extensions, providing responses that raised only boilerplate objections, and producing only 22 pages of documents—Defendants informed Plaintiff for the first time that they did not believe that he was entitled to any document production at all. After motions practice and a discovery conference, this Court ordered Defendants to fully respond to the requests by August 19.

Defendants asked for an extension, promising documents by August 24. After the undersigned agreed, Defendants failed to respond to the requests for production by the promised date. Instead, by email late in the evening on August 24, Defendants' counsel promised that he would produce the documents by August 25. After the undersigned called Defendants' counsel on the evening of August 25, Defendants' counsel said that he would not be able to do that, instead asking for several more days.

– 1 –

Given that Defendants had asked for extension after extension and had not met their counsel's promises about document production, the undersigned would not consent to that extension. Instead, Plaintiff had no choice but to move to compel production given Defendants' continued dilatory conduct.

Shortly after that, on the evening of August 25, Defendants moved to extend the deadline to respond to discovery that this Court's order imposed. Even though Defendants' counsel initially said he needed only a few days more, he now requests two additional weeks, through September 9.

The discovery end-date is October 26. As a result, we are 60% through the five-month discovery period. Defendants have given Plaintiff essentially no documents. Plaintiff will likely need to make follow-up requests for additional documents and to subpoena third parties depending on what the initial document production shows. If this Court grants Defendants' request to extend the time to respond, there will be only 47 days left for discovery once Defendants provide their initial document production.

## LEGAL ARGUMENT

Defendants fail to cite any legal authority for their request to extend the deadline. However, the only conceivable authority for a request to modify the deadline that this Court's order imposed is FED. R. CIV. P. 6(b). *See also Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010) (stating that a formal Rule 6(b) motion is necessary to "file in contravention of a scheduling order") (citing *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C. Cir. 2005)).

Here, Defendants failed to move for more time until after the applicable deadline ran. Accordingly, their motion could be proper only under Rule 6(b)(1)(B). To prevail, Defendants therefore must show: (1) that there is "good cause" to extend the deadline; and (2) that "excusable

neglect" caused them to fail to file the motion within the applicable deadline. FED. R. CIV. P. 6(b)(1)(B); *Drippe*, 604 F.3d at 782–83. Defendants fail on both scores.

**Good cause**. Defendants have had 93 days to gather responsive documents. Instead of complying with their discovery obligations, Defendants forced the undersigned to spend over 25 hours in an as-of-yet-unsuccessful effort to get documents to which Plaintiff is entitled. Defendants do so even though Plaintiff promptly responded to the only discovery requests that Defendants propounded: a set of requests for admission.

Defense counsel attests that he is recovering from mold exposure. While of course the undersigned would provide whatever accommodation opposing counsel needed for medical issues, Defendants' counsel never mentioned the medical issue until long after discovery responses were due. Instead, the issue came up only once Defendants raised their claim that Plaintiff was not entitled to any document production. Nor do Defendants explain why the medical issue has rendered them unable to produce almost any documents despite 93 days to do so. That failure is especially telling because Defendants retained co-counsel, Nicholas Palazzo, and do not explain why he is somehow unable to work on discovery matters.

Besides the mold, Defendants offer only minor, unpersuasive excuses. The fact that Defendants' counsel moved offices is irrelevant. The move occurred long after responses were due. Also, Defendants admit that the move caused only a "slight delay in operations" for Defendants' counsel. The problem here is not a slight delay. Defendants have had 93 days already.

Defendant David Feldman's claim that he has "been required to travel" and to work a lot recently does not excuse him from his discovery obligations. Busy people get sued. They still produce documents.

Defendants' off-hand claim that the COVID epidemic is "one of the greatest crises in human history" in counsel's Declaration, (Doc. 39-1), is irrelevant. Defendants do not explain how COVID or government policies relating to it have delayed their ability to produce documents. COVID is not some card that parties can flash to justify whatever delays they feel like imposing.

**"Excusable neglect."** Defendants do not even discuss the "excusable neglect" standard that applies to their post-deadline motion for more time. Nor can Plaintiff conceive of any reason why Defendants could not have filed their motion within the deadline. Nor do any of the facts that Defendants mention go to why they failed to timely file. Defendants simply ignore the governing legal standard without citation or explanation.

## CONCLUSION

Plaintiff asks this Court to deny Defendants' request for more time, or alternatively to extend all case deadlines by one month.

                                                                         Respectfully submitted,

                                                                         */s/ Daniel J. Auerbach*
                                                              Daniel J. Auerbach (PA I.D. No. 316856)
                                                              1500 John F. Kennedy Blvd., Suite 1203
                                                              Philadelphia, PA 19102
                                                              (215) 567-1486
                                                              dan@gamburglaw.com

Dated: August 26, 2020