IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br>                    Plaintiff,<br>v.<br>DAVID FELDMAN, *et al.*,<br>                    Defendants. | Civil Action No.<br><br>2:20-cv-00776-JG |

**O R D E R**

AND NOW, to wit, as of this ____ day of _____, 2020, upon due consideration, it is hereby ORDERED and DECREED that Defendants' Motion for Enlargement of Time is GRANTED, and Defendants are afforded until September 18, 2020 to serve upon plaintiff their Second supplemental responses to plaintiff's request for production of documents. It is further ORDERED that the discovery deadline, and ensuing pre-trial deadlines in this case shall be extended out for an additional period of Thirty (30) Days, in the interests of justice and fair play.

BY THE COURT:

_____
**HON. JOHN GALLAGHER**
**U.S.D.J.**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br>                      Plaintiff,<br>  v.<br>DAVID FELDMAN, *et al*.,<br>                      Defendants. | Civil Action No.<br><br>2:20-cv-00776-JG |

**DEFENDANTS' DAVID FELDMAN ET AL'S
MOTION FOR ENLARGMENT OF TIME**

To The Honorable Court:

For the reasons set forth in the accompanying Memorandum of Law, your Defendants respectfully request that this Court grant defendants' Motion for Enlargement of Time.

                                      Respectfully submitted,

09/04/2020                     **LAW OFFICE OF SIMON ROSEN, PLLC**

                                      By:   /Simon Rosen, Esq./  (#6279)

                                      Counsel for Defendants/Movants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br>       Plaintiff,<br> v.<br>DAVID FELDMAN, *et al.*,<br>       Defendants. | Civil Action No.<br><br>2:20-cv-00776-JP |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR ENLARGMENT OF TIME**

  Defendants David Feldman, Bare Knuckle, LLC, Bare Knuckle Boxing, LLC, ABC Corp. 1-15, and John Does 1-15 (collectively, the "Feldman Defendants"), by and through their undersigned counsel, hereby submit this memorandum of law in support of their motion for enlargement of time, as follows.

**I.**  **INTRODUCTION**

  On , this Court entered an Order granting an enlargement of time to September 4, 2020, for defendants to file a supplemental response to plaintiff's request for production of documents.

On September 4, 2020, defendants served supplemental responses to defendants' request, however it has proven impossible to complete this task due to the enormity of the scope and largesse of this request. Your defendants seek a reasonable enlargement of time, through September 18, 2020, to complete the task of responding to plaintiff's request for production of documents,

## II. ARGUMENT

**DEFENDANTS HAVE EXHIBITED GOOD FAITH TO COMPLY WITH THIS COURT'S DIRECTIVE TO PROVIDE DOCUMENTS BY SEPTEMBER 4, 2020, AND DOCUMENTS HAVE BEEN PROVIDED; DEFENDANTS REQUIRE ADDITIONAL TIME TO GATHER MORE DOCUMENTS**

Defendants have made a good faith effort to supplement their responses to plaintiff's discovery requests. However, plaintiff's requests seek financial, business, and transactional documents dating back to 2012. Further, the documents are to be gathered not only from the four (4) named defendants (one individual and three corporate entities), but also from all other entities that have been transacting business with the defendants. It is a very large task.

The Declaration of Simon Rosen, Esq. sets forth the good faith effort, and further lays out the good cause shown why this enlargement should be granted. Further, this request is timely, as it comes before the expiration of this Court's August 27, 2020 directive to supplement by 9/4/20. Defendants did serve supplemental responses by 9/4/20, and acknowledges that there are more documents to come. It has proven impossible to produce them by today.

The federal rules provide this Court with the discretion to grant extensions of time. In general, the prevailing factors are good cause shown, reasonable excuse, or in the interests of justice and fairness. Also, whether the granting of an extension shall cause undue prejudice to the opponent. There will be no undue prejudice to defendants by lack of timely service; and plaintiff's

motion for an enlargement of time to serve is timely.  Accordingly, this Court is permitted to grant relief requested. See, e.g., MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995); In re Asbestos Products Liability Litigation (No. VI) Slip Copy, 2011 WL 2455113 E.D.Pa., 2011. at *1; Clayman v. Jung, 173 F.R.D. 138 (D.C.Pa.1997); also Bright v. Harrison, 1988 WL 50328 (D.C.Pa.1988).  Here, there is good cause shown, there is a reasonable excuse, an extension is fair to permit defendants to fully respond, and there shall be no undue prejudice to befall plaintiff.

In addition, as set forth in his Declaration, it is pointed out that a reasonably modest extension for discovery and ensuing deadlines shall provide plaintiff with additional time to conduct oral depositions and conclude discovery.

For the above-stated reasons, this Court should grant defendants' motion for enlargement of time to further supplement their responses to plaintiff's request for production of documents.

WHEREFORE, defendants David Feldman, Jr. et al. respectfully request that this Court GRANT their Motion for Enlargement of Time.

Dated: September 4, 2020

    Respectfully submitted,

    **LAW OFFICE OF SIMON ROSEN, PLLC**

    By:   /Simon Rosen, Esq./  (#6279)

    Counsel for Defendants/Movants

    ATTY ID NO. 38603
    128 Greenwood Avenue
    Wyncote PA 19095
    Tel. (215)564-0212 Fax (215)893-3900
    Email: SimonOnKey@aol.com

**CERTIFICATE OF SERVICE**

I, Simon Rosen, Esq., hereby Certify that a true and correct copy of the within Motion for Enlargement and accompanying papers was duly served upon all interested by parties on 9-4-20 through the Court's ECF Filing system.

Dated: 9-4-20                    /Simon Rosen, Esq./