## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Edward Stewart

    vs.

David Feldman, *et al.*

Civil Action
No. 20-776

### PLAINTIFF'S MOTION FOR SANCTIONS

    Defendants have repeatedly failed to comply with this Court's order compelling production of documents. Instead, Defendants have offered almost no documents and have taken essentially no steps to comply with their discovery obligations. Defendants now ask for yet another two weeks. Defendants should face evidentiary sanctions or a default judgment if they fail to provide documents within the time that they request. Plaintiff also seeks $1,275.00 in attorney's fees for the additional costs that Defendants' non-compliance has incurred. In support of this motion, Plaintiff avers as follows:

#### BACKGROUND

    1.    On May 25, 2020, Plaintiff requested various documents from Defendants. Defendants asked for repeated extensions, which the undersigned always granted. The last extension was until July 14.

    2.    Defendants failed to produce any documents by July 14 — almost a month after the initial deadline.

    3.    On July 20, the Defendants provided 22 pages of documents and various boilerplate objections.

    4.    Throughout this time, counsel for the parties had a variety of phone conversations and correspondence by email, as recounted at length in prior discovery motions. Ultimately, long after

the deadline for production ran, Defendants took the position that Plaintiff was not entitled to discovery because Defendants disagreed with Plaintiff's theory of the case. They did so even though this Court denied Defendants' motion to dismiss the majority of Plaintiff's claims, substantively dismissing only the fraud count.

5.    Defendants moved for a protective order precluding all discovery without prior judicial authorization, a request that this Court denied on August 5. (Doc. 31).

6.    In the August 5 Order, this Court required Defendants to respond fully to Plaintiff's outstanding discovery requests" within 14 days—*i.e.*, by August 19. (*Id.*).

7.    Defendants did not produce any additional documents by August 19.

8.    Instead, Defendants requested another extension until August 24, promising that they would provide the requested documents.

9.    The undersigned agreed to August 24.

10.    On the evening of August 24, Defendants' counsel said that he was unable to meet the deadline. He instead promised to provide all responsive documents by August 25.

11.    On the evening of August 25, the undersigned called Defendants' counsel. Defendants' counsel informed the undersigned that he would, not, in fact provide the documents as promised.

12.    Defendants' counsel represented that he would need several, additional days to provide the documents.

13.    On August 25, Defendants belatedly moved for a two-week extension until September 9, (Doc. 39), despite counsel telling the undersigned that he needed only a few additional days.

14.     This Court extended the deadline through only September 4. (Doc. 41).

15.     On September 4, Defendants provided 23 pages of additional production, which included only: (1) documents available from three public websites; and (2) operating agreements for two of the four corporate defendants.

16.     In essence, Defendants' efforts to comply with this Court's discovery order consist of locating a few contracts and going onto three websites to download a few documents.

17.     Despite the fact that Plaintiff's discovery requests were propounded 106 days ago, Defendants responded to the vast majority of his discovery requests by averring only that: "Investigation pending and documents shall be produced on or before Friday, September 18, 2020."

18.     The same day as providing their incomplete discovery responses, Defendants moved for another two-week extension of time.

19.     Their motion avers that it has "proven impossible" to comply with this Court's discovery orders for unspecified reasons. It also avers that a two week extension is "reasonably modest." (Doc. 42).

20.     The accompanying Declaration of Defendants' counsel explains only that a substantial volume of documents are involved, that Defendant David Feldman has a scheduled trip to Florida, and that COVID-19 has hurt the Bare Knuckle Fighting Championship. (Doc. 42-1).

ARGUMENT

21.     Defendants have now failed to comply with this Court's discovery orders of August 5, 2020 and August 27, 2020. They have done almost nothing to comply with their discovery obligations, recently providing only three contracts and documents available from public websites.

22.     Under FED. R. CIV. P. 37(b), this Court may issue any "just orders" whenever a party fails to comply with an "order to provide or permit discovery."

– 3 –

23.     Proper sanctions include without limitation orders "prohibiting the disobedient party from supporting or opposing designated claims or defenses" and the entry of default judgment. FED. R. CIV. P. 37(b)(2)(A)(ii), (vi).

24.     Here, Defendants ask for a two-week extension. If they fail to fully produce all responsive documents with that deadline, sanctions precluding Defendants from submitting any evidence at summary judgment or trial are reasonable.

25.     Defendants still have not produced any documents that allows Plaintiff to meaningfully obtain the information in Defendants' possession. They do so after continually rebuffing Plaintiff's pre-litigation efforts to obtain information about the status of his $250,500 investment.

26.     Defendants' refusal prevents meaningful discovery on any of the issues at stake here.

27.     This Court should take aggressive steps to make clear to Defendants that they must comply with their discovery obligations. In particular, an explicit caution that they may be precluded from presenting evidence or that this Court may enter a default judgment against them is appropriate.

28.     Defendants have shown no indication that they are genuinely working to comply with their discovery obligations despite 106 days to do so. No other sanction besides preclusion or the entry of judgment has enough teeth to matter.

29.     Further, this Court should also award Plaintiff his fees incurred in connection with Defendants' non-compliance with their discovery obligations.

30.     Courts may order the disobedient party, its attorney, or both to pay the other party's attorney's fees unless the failure to comply with a discovery order "was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

31.     Defendants lack any justification for failing to comply with the order. They failed to comply with the first order without even timely requesting an extension. They failed to comply with the second order merely because of the ordinary burdens of discovery. Those excuses do not justify non-compliance.

32.     Defendants' continued dilatory conduct has made this action unduly expensive for Plaintiff to litigate without any genuine discovery dispute to justify those fees. Defendants are a well-funded enterprise; Plaintiff is an innocent party who invested much of his life savings into the business only to be brushed aside at every step and forced to incur unreasonable fees just to get documents.

33.     As outlined in the attached Declaration of counsel, the fees incurred in seeking discovery after Defendants failed to comply with this Court's first order compelling production total $1,275.00.

WHEREFORE, Plaintiff Edward Stewart asks this Court to award $1,275.00 in attorney's fees and to caution Defendants that, if they do not produce all outstanding responsive documents by September 18, 2020, they may face preclusive evidentiary sanctions or default judgment.

Respectfully submitted,

_/s/ Daniel J. Auerbach_
Daniel J. Auerbach (PA I.D. No. 316856)
1500 John F. Kennedy Blvd., Suite 1203
Philadelphia, PA 19102
(215) 567-1486
dan@gamburglaw.com

Dated: September 8, 2020

– 5 –