IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD STEWART,<br><br>       Plaintiff,<br>v.<br><br>DAVID FELDMAN, *et al.*,<br><br>       Defendants. | Civil Action No.<br><br>2:20-cv-00776-JG |

### DEFENDANTS' ANSWER TO AMENDED COMPLAINT

### WITH AFFIRMATIVE DEFENSES

COME NOW your defendants, David Feldman, Sr. et al., who through their legal counsel, Simon J. Rosen, Esq., of Law Office of Simon Rosen, PLLC, respectfully Answer as follows:

**A.  ANSWER TO COMPLAINT**

1. Admitted.

2. Admitted.

3. Denied as outside the scope of defendants' knowledge.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

1

8. Denied as outside the scope of defendants' knowledge.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted in part, denied in part. It is admitted that the event did not occur; it is denied that it did not occur "despite Stewart providing the funds".

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Admitted in part, denied in part.  It is admitted that from December 30, 2013 through February 2, 2017, plaintiff Stewart remitted a total of $200,500 to defendant David Feldman (Sr.) and/or to XF Events, LLC; it is specifically denied as to the characterization of these monies.

3

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Admitted in part, denied in part. It is admitted that Feldman did pay Stewart a sum of money; it is specifically denied that the payment was for "a return on investment"- in fact, the payment was a gratuitous payment.

67. Denied.

68. Denied.

69. Denied.

70. Admitted in part, denied. It is admitted that Feldman did pay Stewart a sum of money; it is specifically denied that the payment was for "a return on investment"- in fact, the payment was a gratuitous payment.

71. Denied.

4

72. Denied.

73. Denied.

74. Admitted in part, denied in part.  It is admitted that Feldman did pay Stewart a sum of money; it is specifically denied that the payment was for "a return on investment"- in fact, the payment was a gratuitous payment.  By way of further Answer,  defendants aver that Feldman paid Stewart an aggregate total sum  of approximately Seventy Thousand Dollars ($70,000), all of which were gratuitous payments to Stewart.

75.  Denied; to the contrary, these were gratuitous payments.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Admitted that the allegations are restated.

82. Admitted that Count One is for declaratory relief.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88.  Admitted that the allegations are restated.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Admitted that the allegations are restated.

96. Denied.

97. Denied.

98. Denied.  By way of further Answer, defendants incorporate Answer #74, supra, by reference as though fully set forth herein and made a part hereof.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Admitted that the allegations are restated.

104.  Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109-124.  Moot.  No answer is required because these paragraphs pertain to plaintiff's fraud count which was dismissed by the Court.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims should be dismissed based upon the statute of limitations.

2. Plaintiff's claims should be dismissed based upon the statute of frauds.

3. Plaintiff's claims should be dismissed based upon failure to state a claim upon which relief may be granted.

4. Plaintiff's claims should be dismissed by his failure to join an indispensable party, namely Bobby Gunn.

5. Plaintiff's claims are barred by their prior breach.

6. Plaintiffs' claims are barred by their fraud upon defendants.

7. Plaintiff's claims are barred by their tortuous interference with defendants' business relations.

8. Plaintiff's claims are barred by applicable partnership law.

9. Plaintiff's claims are barred by equitable principles, inclusive but not limited to: a) he who seeks equity must do equity; b) the unclean hands doctrine.

10. Plaintiff's claims are barred by failure of performance

11. Plaintiff's claims are barred by waiver.

12. Plaintiff's claims are barred by estoppel.

13. Plaintiff's claims are barred by equitable estoppel.

14. Plaintiff's claims are barred by laches.

15. Plaintiff's claims are barred by lack of privity.

16. Plaintiff's claims are barred by the fact that plaintiff relies on unsigned agreements demonstrating that there was never a "meeting of the minds" between plaintiff and defendants.

17. Plaintiff's claims are barred by his obligation to set-off any amounts owed to against defendant.

18. Plaintiff's claims are barred by his own conduct in terminating his relationship with defendant Feldman and XF Events, LLC during or about March of 2017.

19. Plaintiff's claims are barred by impossibility of performance.

20. Plaintiff's claims are barred by lack of consideration.

21. Plaintiffs' claims are barred by public policy.

22. Plaintiffs' claims are barred by consent.

WHEREFORE, your defendants, David Feldman (Sr.) et al. respectfully requests that this Court dismiss plaintiff's Amended Complaint, or in the alternative, enter judgment in defendants' favor and against plaintiff.

Respectfully submitted,

09/15//2020            **LAW OFFICE OF SIMON ROSEN, PLLC**

By:   /Simon Rosen, Esq./  (#6279)

Counsel for Defendants/Movants

8

## **CERTIFICATE OF SERVICE**

      I, Simon Rosen, Esq., hereby Certify that a true and correct copy of the within Motion to Dismiss and accompanying papers was duly served upon all interested by parties on 9-15-20 through the Court's ECF Filing system.

Dated: 9-15-20                    /Simon Rosen, Esq./