# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

EDWARD STEWART,  :
          Plaintiff,  :
       :
     v.  :    Civil No. 2:20-cv-00776-JMG
       :
DAVID FELDMAN, *et al.,*  :
          Defendants.  :

_____

## AMENDED SCHEDULING ORDER

**AND NOW**, this 29th day of September, 2020, good cause having been shown, and pursuant to the Court's discretion to amend pretrial scheduling orders under Federal Rule of Civil Procedure 16(b)(4), **IT IS HEREBY ORDERED** as follows:

1. All fact and expert discovery shall be completed no later than **December 28, 2020**.

1. The parties shall contact Judge Gallagher's Civil Deputy to schedule a telephonic status conference to be held on or about **October 20, 2020**. The parties should be prepared to discuss the status of discovery and settlement discussions, if any.

2. Affirmative expert reports, if any, are due by **November 27, 2020.**

3. Rebuttal expert reports, if any, are due by **December 11, 2020.**

4. Expert depositions, if any, shall be concluded no later than **December 28, 2020. No further extensions of discovery deadlines will be granted absent extraordinary circumstances.**

5. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages set forth in the preceding paragraph, serve opposing parties with

concise details and/or documents covering the lay opinions of the Rule 701 witnesses, including the identity of each witness offering the expert opinion, the substance and the basis for each opinion

6. Motions for summary judgment, if any, shall be filed by **December 28, 2020**. Responses shall be filed no later than **January 11, 2021**. Motions for summary judgment and responses shall be filed in the form prescribed in Judge Gallagher's Policies and Procedures, specifically:

    (a) The movant shall file, in support of the motion for summary judgment, a Statement of Undisputed Facts which set forth, in numbered paragraphs, all material facts which the movant contends are undisputed.

    (b) The respondent shall file, in opposition to the motion for summary judgment, a separate Statement of Disputed Facts, responding to the numbered paragraphs set forth in the movant's Statement of Undisputed Facts, which the respondent contends present a genuine issue to be tried. The respondent shall also set forth, in separate paragraphs, any additional facts which the respondent contends preclude summary judgment.

    (c) All material facts set forth in the Statement of Undisputed Facts required to be served by the movant shall be admitted unless specifically controverted by the opposing party.

    (d) Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of the record which support each of the statements. Each stated fact and each statement that a material fact is disputed shall cite to the source relied

upon, including the title, page and line of the document supporting the statement.

(e) If a party's motion for summary judgment, or an opposition thereto, is based in whole or in part on an argument that expert testimony is not admissible, the party must raise such argument in a contemporaneous *Daubert* motion.

(f) For purposes of summary judgment, counsel shall submit a joint appendix, including any and all exhibits that may be referenced in their respective motions, no later than the date the initial motion for summary judgment is docketed. All pages/exhibits of said appendix shall be "bates stamped" and referenced in the motions consistent with the bates number assigned each page. Judge Gallagher will not consider any document/exhibit not included in said appendix.

7. No later than **January 25, 2021**, counsel for each party shall serve upon counsel for every other party a copy of each exhibit the party expects to offer at trial.

8. No later than **February 8, 2021**, each party shall file with the Clerk of Court a pretrial memorandum. The pretrial memorandum should be prepared in accordance with the provisions of the Local Rule of Civil Procedure 16.1(c) and should also include the following items:

(a) All stipulations of counsel.

(b) A statement of objection to: (1) the admissibility of any exhibit based on authenticity; (2) the admissibility of any evidence expected to be offered for any reason (except relevancy); (3) the adequacy of the qualifications of an expert witness expected to testify; and (4) the admissibility of any opinion

testimony from lay witnesses pursuant to Federal Rule of Evidence 701. Such objection shall describe with particularity the ground and the authority for the objection.

(c) Deposition testimony (including videotaped deposition testimony) that the party intends to offer during its case-in-chief. The statement should include citations to the page and line number and the opposing party's counter-designations.

(d) A statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

9.   All motions in limine shall be filed no later than **February 15, 2021**. Responses, if any, shall be filed no later than **February 22, 2021**.

10.  No later than **February 15, 2021**, any objections to designations of deposition testimony shall set forth the page and line numbers of the challenged testimony and a clear statement for the basis of that objection. The objecting party must provide the Court with a copy of the deposition transcript with the challenged testimony highlighted. Any objection not made in conformity with this Order will be deemed waived.

11.  No later than **February 15, 2021**, the parties shall file with the Clerk of Court joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury. Each party shall also file proposed jury instructions, verdict forms or special interrogatories on those issues not agreed upon by the parties in their joint submission.

12. A final pretrial conference will be held on **Wednesday, May 5, 2021 at 1:30 p.m., in Chambers**. Counsel shall be prepared to address any pending motions in limine, and objections to witnesses and exhibits. Trial counsel must attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

13. This case will be listed for trial on **Friday, May 7, 2021 at 9:00 a.m.**

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge