## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————

| | | |
|---|---|---|
| EDWARD STEWART, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 2:20-cv-00776-JMG |
| | : | |
| DAVID FELDMAN, *et al.*, | : | |
| Defendants. | : | |

———————————————————————

### ORDER

**AND NOW**, this 15th day of October, 2020, upon consideration of Plaintiff's Motion for Sanctions (ECF No. 44) and any responses thereto, **IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED**.[1]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

———————————————————

[1] Whenever a party "fails to obey an order to provide or permit discovery," the Court may sanction the disobeying party through the imposition of any "further just orders." Fed. R. Civ. P. 37(b)(2)(A). These may include "prohibiting the disobedient party from supporting or opposing certain claims or defenses" or the entry of default judgment. Fed. R. Civ. P. 37(b)(2)(A)(ii), (vi). The Court must also order the noncompliant party to pay reasonable expenses caused by the failure to obey the Court's order unless such failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). When considering whether to impose "case-dispositive sanctions" under Rule 37, the Court must weigh several factors including "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

_____

The Court should balance these factors equally, with no one factor dispositive over the rest. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). Although it is a close call, the Court finds that these factors as applied to the instant case weigh ever so slightly in Defendant's favor. Plaintiff appears to, at least in part, attribute the complained-of noncompliance to the Defendant. <u>See generally</u> Pl.'s Reply Br., ECF No. 52. Further, the discovery failures complained of here are a matter of degree, rather than an absolute disregard for Defendant's disclosure obligations. That said, Defendant has in fact exhibited "consistent tardiness in complying with court orders." <u>Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund</u>, 29 F.3d 863, 875 (3d Cir. 1994). However, Plaintiff has not suffered "excessive and possibly irremediable burdens or costs" as a result of the delays. <u>Id.</u> at 873–74. The Court also finds that Defendant's conduct was not "intentional or self-serving behavior" indicative of bad faith. <u>Id.</u> at 875. On balance, the circumstances do not warrant the sanctions requested by Plaintiff. The Court likewise finds that awarding expenses would be unjust at this time. Instead, the Court finds that a formal warning is an appropriate alternative to Plaintiff's request. <u>Titus v. Mercedes Benz of N. Am.</u>, 695 F.2d 746, 759 n. 6 (3d Cir. 1982). The Court therefore advises Defendant that any future unexcused delays or failure to fully comply with Court-imposed deadlines may tip the balance of the aforementioned factors in favor of more severe corrective measures. For now, the Court will deny Plaintiff's Motion for Sanctions.