IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Edward Stewart

   vs.

David Feldman, *et al.*

Civil Action
No. 20-776

## PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

After more than five months and far too many discovery motions, enough is enough. Recently, this Court denied Plaintiff's motion for sanctions, noting that the *Poulis* factors weighed "ever so slightly in Defendant's favor" as to render evidentiary sanctions improper. Since then, Defendants violated yet another Court deadline. And it became clear that their representation to this Court that they had produced all documents responsive to Defendants' requests was false. Instead, after falsely asserting compliance, they have produced thousands more responsive documents. Today, Defendants' counsel explained that Defendants had not bothered to look for documents at certain locations and on certain computers, even though he attested to compliance.

Defendants' conduct is inexcusable. Only some form of sanction can redress their failure to comply with their discovery obligations. Plaintiff's odyssey to get Defendants to comply with their discovery obligations has turned into a nightmare. To end it, Plaintiff asks for monetary sanctions for all of his costs associated with Defendants' non-compliance with their discovery obligations. He further asks this Court to order Defendants to provide formal discovery responses compliant with Rule 34(b)(2), which they still have not done despite the deadline running a week ago. He also asks this Court to order Defendants to show cause why preclusive evidentiary sanctions are not proper.

**BACKGROUND**

1.    Plaintiff propounded requests for documents on Defendants on May 25, 2020—161 days ago. After failing to produce almost any documents despite various informal extensions that the

undersigned allowed, on July 27, Plaintiff requested a discovery conference. (Doc. 26).

2.      Defendants responded by seeking a protective order to preclude all discovery because they disagreed with Plaintiff's theory of the case. (Doc. 27). On August 5, 2020, this Court ordered Defendants to respond to Plaintiff's discovery requests by August 19—over eleven weeks ago.

3.      Defendants did not comply with that Order. On August 25, Defendants belatedly asked for a two-week extension from the August 19 deadline. (Doc. 39). This Court extended the deadline through September 4. (Doc. 41). Defendants did not comply with the September 4 deadline. On September 8, Plaintiff moved for sanctions for non-compliance with the September 4 deadline. (Doc. 44).

4.      The next day, Defendants again asked this Court to preclude discovery under the guise of a frivolous motion to bifurcate. (Doc. 46). On September 10, this Court convened a discovery conference. At this Court's urging, Defendants withdrew the motion to bifurcate. This Court also ordered Defendants to respond to Plaintiff's requests for production by September 18, warning the Defendants of this Court's power to issue discovery sanctions. (Doc. 48).

5.      The motion for sanctions remained outstanding. On September 25, Defendants responded to the motion for sanctions. They claimed that they had "complied with this Court's directive to respond to the request[s] for production." They further claimed that "Defendants have turned over all documents currently in their possession." (Doc. 51 at ECF-4 to ECF-5).

6.      Plaintiff replied to that motion. He argued primarily that Defendants' production was so deficient that it was almost impossible to believe Defendants' assertion of compliance. Plaintiff further noted that Defendants had not provide written discovery responses in compliance with FED. R. CIV. P. 34(b)(2). (Doc. 52).

7.      On October 16, this Court denied Plaintiff's motion for sanctions without addressing

whether Defendants had any remaining discovery obligations. (Doc. 60). On October 19, Plaintiff requested clarification of this Court's order as to Defendants' discovery obligations. (Doc. 61).

8.  On October 22, after a conference, this Court ordered Defendants to provide formal discovery responses in compliance with FED. R. CIV. P. 34(b)(2) within seven days. This Court's order explicitly warned Defendants of this Court's power to issue preclusive evidentiary sanctions. (Doc. 63).

9.  Over the next week, Defendants' counsel sent the undersigned at least 73 separate emails with additional responsive documents. On the last day of this Court's deadline, October 29, it was apparent that Defendants would not produce all responsive documents or timely comply with their discovery obligations. On October 29, Defendants requested a "Three (3) business day" extension to November 4—which is actually a six-day extension. (Doc. 65).

10. On October 29, this Court gave Defendants one additional day, until October 30. This Court warned Defendants that no further extensions would be granted. (Doc. 66). The same day, Plaintiff requested reconsideration, a request this Court has not yet ruled on. (Doc. 67).

11. On October 30, Defendants sent the undersigned at least 38 additional, separate emails with more responsive documents. These emails included vital evidence showing Defendants' creation of a new company without recognizing Plaintiff's investment in the Bare Knuckle Fighting Championship. Defendants refused to disclose those emails until after months of discovery practice.

12. On November 2, 2020, after the deadline ran, Defendants sent the undersigned yet more emails containing links to over a dozen Dropbox and Google Drive folders containing myriad responsive documents.

13. Critically, the untimely November 2 production contained hundreds of email items obtainable with basic keyword searches in Defendants' email accounts. There is no apparent reason

why it took over five months to do those searches, only after four separate orders from this Court.

14.     Further, despite this Court's explicit order requiring it, Defendants have not provided formal discovery responses to the undersigned's requests for documents in compliance with Rule 34(b)(2). Instead, Defendants' counsel sent the undersigned a certification attesting that:

> [T]o the best of my knowledge, information and belief, the totality of documents provided during the course of discovery in response to plaintiff's request for production of documents represent all documents in defendants' possession; that these are the complete documents provided to me, and that these documents are "correct"- and by "correct", I mean that they have not been altered by me to the best of my knowledge information and belief.

This certification did not respond to each discovery request, but rather claimed general compliance. The certification did not meet the requirements of Rule 34(b)(2), such as explaining what documents were being produced in response to what requests. FED. R. CIV. P. 34(b)(2)(B), (b)(2)(E)(i).

15.     As it stands, Defendants have produced documents in too many separate emails from Defendants' counsel to the undersigned, Dropbox links, and Google Drive links to practicably count. The documents are not bates-stamped. Because Defendants failed to provide the formal, request-by-request response that this Court ordered, it is almost impossible to decipher Defendants' production.

16.     After reviewing Defendants' production, the undersigned spoke with Defendants' counsel today. On that call, Defendants' counsel asserted that the production was too voluminous for him to have practically provided the request-by-request written discovery responses by the deadline.

17.     During the phone conference, Defendants' counsel also explained why Defendants had produced myriad responsive documents even after he asserted in a court filing that Defendants had already complied with their discovery obligations. He explained that Defendants had not checked for documents on certain computers or at certain locations before he attested to compliance with their discovery obligations. By subsequent email, Defendants' counsel clarified that he had only

"*surmised* that the reason these additional docs came into their possession later was due to location of other computers" (emphasis added).

## ARGUMENT

18.     Defendants have now failed to comply with this Court's discovery orders of August 5, 2020; August 27, 2020; September 10, 2020; and October 22, 2020. Despite representing that they produced all responsive documents in their September 25 filing, Defendants produced a large volume of documents after that—but only after this Court ordered them to revisit their discovery obligations on October 22. This Court should afford the following relief to Plaintiff.

### I.     This Court should order Defendants to produce all outstanding documents and to provide formal discovery responses that comply with Rule 34(b)(2).

19.     Defendants still have not complied with this Court's order requiring compliance with their discovery obligations. Plaintiff asks this Court to order formal responses within three days.

### II.     This Court should award attorney's fees to Plaintiff.

20.     Plaintiff has repeatedly asked for fees in this matter without an award of them. Plaintiff understands this Court's hesitancy to award fees. However, Defendants' actions now demand an award of fees. Defendants have dramatically inflated Plaintiff's bill to litigate this case without justification. They have stymied Plaintiff and built roadblocks at every step of the way just to prevent Plaintiff from getting basic document production. Their conduct is improper.

21.     Most concerningly, Defendants' counsel told this Court that he had produced all outstanding documents. To the undersigned's understanding, this Court relied on that representation to deny Plaintiff's last motion for sanctions. Yet that representation was false. Defendants have now used every conceivable means to refuse to provide discovery, including ignoring deadlines, filing

<br/>

frivolous motions, and falsely representing compliance.

22. An award of all of Plaintiff's fees relating to Defendants' failure to produce documents is proper given Defendants' contumacious conduct. None of Defendants' efforts to oppose discovery have been "substantially justified" as is necessary to avoid an award of fees under FED. R. CIV. P. 37(b)(2)(C), since their very first step to dodge their obligations—the motion for protective order.

23. Further, the most recent rationale that this Court used to deny a fee request is no longer applicable. This Court denied Plaintiff's last fee request, finding that an award of fees would be unjust. Since then, the falsity of Defendants' representation to this Court has become clear. And Defendants have failed to meet another deadline.

24. Plaintiff asks for $11,075.00 in fees, representing all of the fees incurred in connection with Defendants' failure to timely produce documents from the beginning. Plaintiff's counsel's attached affidavit itemizes fees by category if this Court chooses to award only some of these fees. *See* (Exh. A: Auerbach Declaration).[1]

### III. This Court should order Defendants to show cause why preclusive evidentiary sanctions should not be entered.

25. Defendants have inexplicably ignored deadline after deadline. They offer no

---

[1] This Court has previously denied Plaintiff's motion for many of these fees, as noted on the Declaration. Plaintiff is asking this Court to revisit those decisions in light of subsequent events.

If this Court does not revisit its decision in full, Plaintiff submits that at least fees incurred since Defendants' non-compliance with the October 22 order and for non-compliance with the September 10 order would be appropriate. This Court has not previously considered the fees relating to the October 22 order. Further, the fees relating to the September 10 order were incurred largely because of Defendants' false representation of compliance. The amount of fees relating to both orders would be $5,525.00.

meaningful excuse for their failures. Instead, they falsely attested to compliance with their discovery obligations even though their subsequent production shows that this representation was false. An award of preclusive evidentiary sanctions may now be proper under the governing six-factor test established set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

26. *Extent of Defendants' personal responsibility.* Plaintiff believes that further evidence would be necessary to determine whether Defendants' counsel or Defendants themselves are responsible. To that end, Plaintiff asks this Court to ensure that Defendants' counsel has apprised Defendants of their discovery obligations as outlined in his proposed Order. Plaintiff further asks this Court to order Defendants to show cause why evidentiary sanctions are not proper. Their brief should address the fault of Defendants versus the fault of their counsel.

27. *Prejudice to Plaintiff.* Had Plaintiff relied on Defendants' counsel's representation that Defendants' production was complete, Plaintiff might never have known about any number of responsive documents. Defendants' delay and false representation have gravely prejudiced Plaintiff by denying him access to the information he needs to litigate this case for months, saved only by this Court's extension of the discovery deadline.

28. *History of dilatoriness.* Defendants have failed to comply with four separate discovery orders compelling production. As the Third Circuit wrote in *Poulis*, "[a] history by counsel of ignoring the[ discovery] time limits is intolerable." *Id.* at 868.

29. *Willfulness or bad faith.* Defendants falsely claimed that they had already produced all responsive documents in their September 25 filing. After that, they produced thousands more documents. They have no excuse for their false representation. Counsel indicated that Defendants had not bothered to check for documents on certain computers when they asserted compliance. Nor can Defendants explain why they failed to perform basic searches on their email system before

asserting compliance. Given the trust in counsel necessary to make the discovery process work, their false representation is a serious act of bad faith.

30.     *Alternative sanctions*. Fees are an appropriate alternative sanction. *Id.* at 869. This Court has so far chosen not to order fees. Whether this Court believes that fees, evidentiary sanctions, or both are proper is a question in this Court's discretion. *Id.* at 867. Without additional written explanation from Defendants about why they failed to comply with their obligations, Plaintiff does not take a position on how this Court should exercise that discretion except that some sanction is proper.

31.     *The meritoriousness of Plaintiff's claim*. Plaintiff's claim is meritorious. That means only that the pleadings are sufficient to state a claim. *Id.* at 869–70. This Court has already so ruled as to all of Plaintiff's substantive claims, except the fraud claim. (Docs. 11, 33).

WHEREFORE, Plaintiff Edward Stewart asks this Court to grant his motion to compel production and for sanctions, to order formal discovery responses, to award $11,075.00 in attorney's fees, and to order Defendants to show cause why they should not suffer preclusive evidentiary sanctions.

>                          Respectfully submitted,
>
>                           */s/ Daniel J. Auerbach*
>                          Daniel J. Auerbach (PA I.D. No. 316856)
>                          1500 John F. Kennedy Blvd., Suite 1203
>                          Philadelphia, PA 19102
>                          (215) 567-1486
>                          dan@gamburglaw.com

Dated: November 2, 2020