**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD STEWART, | Civil Action No. |
| Plaintiff, | 2:20-cv-00776-JMG |
| v. | |
| DAVID FELDMAN, *et al.,* | |
| Defendants. | |

## O R D E R

AND NOW, to wit, as of this ____ day of _____, 2020, upon due consideration, it is hereby ORDERED and DECREED that plaintiff's Motion for Sanctions is DENIED.

**BY THE COURT:**

_____
**U.S.D.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD STEWART, | &#124; | Civil Action No. |
| | &#124; | |
| Plaintiff, | &#124; | 2:20-cv-00776-JMG |
| v. | &#124; | |
| | &#124; | |
| DAVID FELDMAN, *et al.*, | &#124; | |
| | &#124; | |
| Defendants. | &#124; | |

**DEFENDANTS' BRIEF IN OPPOSITION TO SANCTIONS**

**(AS PER THIS COURT'S ORDER OF NOVEMBER 13, 2020)**

COME NOW your defendants, DAVID FELDMAN et al., who through their counsel, SIMON J. ROSEN, ESQ., of LAW OFFICE OF SIMON ROSEN, PLLC, respectfully Argue as follows:

### I.    BACKGROUND

On October 16, 2020, this Court properly denied plaintiff's motion for sanctions. (Doc. #44).  On October 22, 2020, at plaintiff's request, the parties' counsel appeared before this Court for a telephonic status conference, to determine the scope of remaining documents that plaintiff was seeking from defendants (defendants having already provided a multitude of documents to plaintiff).  During the conference, plaintiff referenced a chart consisting of several boxes which appeared in plaintiff's reply brief in re motion for sanctions, alleging that certain documents were still not produced.  Plaintiff stated that the scope of the remaining documents which plaintiff still sought was contained in that chart and set forth in those boxes.  It was identified at the conference, which the Court noted, as at "pages 4 to 6) of said reply brief.  A

2

copy of Pages 4 to 6 is attached hereto and incorporated by reference as though fully set forth herein and made a part hereof.

On October 22, 2020, on the heels of the status conference this Court entered an Order requiring defendants to provide written responses to all of plaintiff's remaining discovery requests, i.e., the items which plaintiff's counsel identified at the conference as being the items within the chart and boxes contained in pages 4 to 6 of his reply brief.

Thereafter, in compliance with this Court's directive, defendants duly provided plaintiff with said written responses to the remaining document requests by plaintiff as addressed at the status conference and enumerated in its reply brief, albeit certain documents were provided on October 30, 2020, and other groups of documents sent through Google drive required "access" which was granted in due course by defendants. The Court's Order of October 22, 2020 also required written confirmation and certification by counsel that everything in defendants' possession was produced, which was also provided by counsel.

Defendant thereafter filed a motion to compel and motion for sanctions on Nov. 6, 2020, and on November 13, 2020, this Court granted the motion to compel and Ordered defendant to respond to each discovery request separately and specifically.

This Court has not decided the motion for sanctions, but requested to defendants to file a brief why the motion for sanctions should not be granted and counsel fees awarded, and why plaintiff's evidence should not be precluded at trial.  This brief herein ensues.

## II. ARGUMENT

### A. PLAINTIFF IMPROPERLY RENEWS ITS REQUEST FOR SANCTIONS DESPITE THE FACT THAT DEFENDANTS PROVIDED THE DOCUMENTS SOUGHT BY PLAINTIFF.

On October 16, 2020 this Court denied sanctions against defendants. Upon convening a status conference on October 22, 2020, and upon identifying the remaining outstanding documents sought, defendants produced the remaining documents sought. Plaintiff now seeks to punish defendant for dutifully providing documents to defendant as per this Court's directive.

Defendants acknowledge that although a large cache of documents was produced on October 29 and October 30, additional enormous documents which could only as a matter of practicality be sent via Google drive (or some similar outlet such as Dropbox or We Transfer) was forwarded on November 2, 2020, and which were password protected- the password being transmitted to plaintiff's counsel in a prompt fashion. See Declaration of Simon J. Rosen, Esq., attached and incorporated by reference.

In sum, sanctions were denied on October 16; a conference was convened on 10/22 wherein plaintiff identified some outstanding documents sought; and defendants produced those documents. There was no intentional or reckless misconduct by defendants or their counsel. See Declaration of Simon J. Rosen, Esq.; See Declaration of defendant David Feldman, Sr. Defendants vehemently argue that it would be imprudent for defendants to be sanctioned at all because they produced everything asked for at the 10/22 status conference.

Accordingly, sanctions should not be issued against defendants.

## B. NEITHER AN AWARD OF COUNSEL FEES NOR PRECLUSION OF EVIDENCE SHOULD ISSUE AGAINST DEFENDANTS.

Defendants have exerted reasonable efforts to respond to request for production of documents in this matter. Towards that end, defendants have responded as follows (as per Declaration of Simon J. Rosen, Esq., id.):

May 21, 2020 -  Initial Disclosures

July 20, 2020- Response to Request for Production of Documents ("RPD")

[August 7, 2020- Court Order approving Stipulation for Confidentiality/Seal of Discovery]

September 4, 2020- Supplemental Response to RPD

September 18, 2020- Second Supplemental Response to RPD

September 24, 2020-  Additional documents re: Second Supplemental Response to RPD

October 28, 2020 to November 2, 2020- Additional documents in Response to RPD in conformity with the remaining documents as outlined by Plaintiff at 10-22-20 Status Conference

Defendants humbly and respectfully argue that the above does not reflect a disregard to the duty to turnover documents. It shows a continuous flow of documents from defendants to plaintiff since May 21, 2020.   This tribunal should weigh the fact that the documents sought date back at least Eight (8) Years (see Declaration of Feldman, attached), and include emails, texts, bank records, tax returns- involving a multitude of different people, and various different companies that came into existence during and after plaintiff's dealings with defendants- tax returns, bank statements, a large scope of documentation.

The discovery process is ongoing, and documents were provided in July,  three (3) separate groups of documents produced in September, 2020 (nothing in August due to the need to obtain the Confidentiality Order),  and the final batch of documents 10/28/20 to 11/2/20.

<u>The above does not reflect stonewalling, delay or concealment, but rather it reflects adherence of defendants' obligation to turnover documents as defendants continue to search for them, to locate documents which weren't previously in your possession but you obtain from third parties, and exerting your best efforts to comply with this Court's directives.</u>

### 1. **<u>NO EVIDENCE PRECLUSION ORDER SHOULD ISSUE.</u>**

Defendants vehemently argue that it would be a great miscarriage of justice for this Court to in any manner issue a preclusion order here.  To permit plaintiff, in whole or part, to gain an advantage in a case where plaintiff has presented no evidence warranting any recovery against defendants, and where plaintiff has admittedly asserted claims that, as a matter of law, have already been properly precluded by this Court (and in the matter of fraud, precluded <u>twice</u> by this Court), would be unfair and unjust.   Sanctions here are unwarranted.

First, this Court denied sanctions on October 16, 2020.  Within one week, plaintiff informed the Court that there were some outstanding documents to be located, and within the next week, <u>all documents were produced</u>.  Defendants acted swiftly and diligently to fully comply.   Nothing that occurred here warrants preclusion of defendants' evidence at trial, especially because nothing produced changes the fact that plaintiff simply has no case against defendants.   .  This is not a case where documents weren't produced- here, there was constantly a stream of documents being produced- as defendants located them.  This is not a case where documents were produced after discovery closed.  This is not a case where documents were produced on the eve of trial.  Accordingly,  sanctions should be denied because defendants produced the documents requested by plaintiff.

In its request to obtain a preclusion order, plaintiff heavily relies upon Poulis, an oft-cited Third Circuit case.   The Poulis case is clearly distinguishable, primarily because it involved a case where no discovery responses were serve at all, and where the relief sought was non pros against the plaintiff- both of which set of facts do not apply here.

The Pennypack and TMI cases, previously cited in respondent's Sur Reply, are applicable to cases involving a request for the extreme and harsh proposed sanction of preclusion of evidence in whole or part.   Fed. R. Civ. P. 37(b)(2)(A)(ii) provides that sanctions may be imposed "prohibiting the disobedient party from supporting or opposing designated claims or defenses." In order to justify when such sanctions are appropriate, the Third Circuit has stated clearly that "the exclusion of evidence for a violation of a discovery order is an 'extreme sanction.'" *In re TMI Litig.*, 193 F.3d 613, 729 (3d Cir. 1999) (quoting *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1917)). The factors which the Third Circuit applies (the "*Pennypack* factors") when determining if this sanction is warranted are: 1) "the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified"; 2) "the ability of that party to cure the prejudice"; 3) "the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court"; and 4) "bad faith or willfulness in failing to comply with the district court's order." *Meyers v. Pennypack Woods Home Owners Ass'n*, 559 F.2d 894 (3d Cir. 1997); *see also In re TMI Litig.*, 193 F.3d at 729; *Kremsky v. Kremsky*, No. 16-4474, 2017 U.S. Dist. LEXIS 216489, at *16 (E.D. Pa. Feb. 22, 2017). Even though the factors are phrased as pertaining to witnesses, they are also held as pertaining to document production. *In re TMI Litig.*, 193 F.3d at 729.

Applying the law to the facts here, respondent argues that preclusion is not an appropriate sanction. First and foremost, this is not a case where a party just refuses to produce discovery. Discovery here has, in fact, been produced. This is not a willful failure to produce documents. Documents have been produced, in a recurring flow, as the defendants have been able to obtain possession of same. The movant has not been unduly prejudiced, and has not articulated being unduly prejudiced. Nor did the respondent engage in any surprise- all discovery responses served were consistent with respondent's position in the case.

Further, plaintiff has not demonstrated that he has sustained undue prejudice as a result of the prolonged disbursement of documents over a considerable period of time. The only prejudice purportedly suffered by plaintiff was that, "Plaintiff might never had known about any number of responsive documents". This is not suffering of prejudice. This is speculative, and more importantly, plaintiff cannot articulate how the delay in getting any of the documentation harmed the case. There is no representation of how the plaintiff suffered any harm or prejudice; further, defendants did not make false representations, it has always been defendants' position that he was turning over everything he had in his possession, when the documents were located or when they came into defendants' possession.

Further, under the Court's decision in the Newman vs. GHS case, 60 F.3d at 158 (3rd Cir. 1995), "sanctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless." If no actual harm came upon movant, he suffered no prejudice. Actual prejudice is required, not speculative prejudice. Your movant has not demonstrated sustenance of actual prejudice impacting on his ability to go proceed with his case.

The final factor under these line of cases and their progeny is bad faith or willful ignorance of Court Order.  The October 22, 2020 was complied with by the serving of the documents which movant identified at the October 22, 2020 conference.  Due to a matter of technical difficulties, as outlined in the Declaration of Simon Rosen, Esq. attached, certain filed that were too large to serve by e-mail had to be converted to links, sent over on the next business day by Google Drive links.   There was no willful non-compliance, there was 99% compliance- there was never any bad faith or bad intent.

This Court should keep in mind that the plethora of cases wherein evidence or issues are precluded involve the failure to turnover witnesses, evidence, documents, and the like- i.e., the total utter failure to respond to the discovery requests. Here, respondents have served their documents upon the movant.  For this reason, and based upon the other pertinent factors in this line of cases, preclusion would be improper, and should be denied.

Even under the Poulis test relied upon by movant, with a significantly different fact pattern, preclusion should not issue.   In Poulis, the offending party failed to produce ANY discovery.  There was NO DISCOVERY produced, nor was there any objection filed by the offender to provide a reason or basis for non-compliance.  This is clearly distinguishable from the case at bar, when the documents were produced on:

May 21, 2020

July 20, 2020

September 4, 2020

 September 18,  2020

September 24, 2020 and

October 28 through November 2, 2020.

Accordingly, the Poulis factors apply in circumstances when no discovery is produced whatsoever, which is certainly not the case here. Nonetheless, we can review Poulis by analogy.

The first factor the Court took into account in Poulis to determine was the extent of the party's personal responsibility. In that case, the respondent's own lawyer chose not to respond to the repeated discovery requests, and the Court held that this did not relieve the respondent from responsibility to comply with discovery. This is clearly distinguishable with the facts here, where both the plaintiff and its counsel have been consistently turning over documents as they come into defendants', and then their counsel's possession. This is NOT a case where Attorney Rosen failed to produce any documents; to the contrary, it is believed that hundreds of documents have been produced, including the cache of remaining documents identified by plaintiff at the 10/22/20 conference. As such, there is no abrogation of responsibility here from either the defendants or their counsel.

The second factor the Court addressed in Poulis is undue prejudice to the movant as a result of respondent's delay. In Poulis, the prejudice was *prima facie*, the Court found prejudice on its face by failing to answer any discovery whatsoever. There, it was the plaintiff who failed to answer discovery; the plaintiff has the burden of proving its case, and certainly the failure to answer any discovery prevents the defendant from being able to properly defend the case. Accordingly, in Poulis, prejudice was found by inference. This can be readily distinguished by the facts at bar, where there has been continuous production of documents, and where defendant has not been precluded from presenting his case at trial. It should be noted that of all the operating agreements, corporate documents, tax returns, business records, emails, texts, correspondence and mountain of documents produced, defendants assert that none of these documents provided from May through October 2020 point to the existence of an oral agreement

10

between plaintiff and defendants, which is the threshold issue in this case. Plaintiff's claim is based upon the existence of the alleged oral agreement, and to the best of defendants' knowledge, information and belief, there are no documents in existence supportive of plaintiff's allegation of said oral agreement. It should also be noted that the only thing produced by plaintiff in support of an oral agreement is an unsigned agreement attached as an exhibit to the Amended Complaint which does not prove the existence of an oral agreement.

The third factor is a history of dilatoriness, which the Court found to exist in <u>Poulis</u> because the respondent there demonstrated a flagrant regard for the law. No discovery responses at all were propounded upon the movant. None. The Court there found a willful disregard for the federal rules themselves, to wit:

" . . . the plaintiff should cooperate under the spirit of the federal procedural rules".

Further, defendants' continued production of documents on September 4, 2020, September 18, 2020, September 24, 2020, and October 28-Nov. 2, 2020, came on the heels of being informed by plaintiff that certain specific documents were still sought- once cued by plaintiff as to what was still being sought, defendants dutifully sought high and low to locate these documents, in sharp contrast to the 100% inactivity of the plaintiff in <u>Poulis.</u>

The next factor is whether the conduct was intentional or of bad faith. The delay in gathering the entirety of the documents is NOT rooted in bad intent or bad faith, rather, it is based upon the 8-year period sought, the delay in 5 years in plaintiff initiating this action after the alleged oral agreement was entered into, and purportedly breached shortly thereafter, the various companies for which records were sought, the fact that most records are stored electronically, in different locations, are in the possession of banks, accountants and/or bookkeepers, and other third parties, and were in factor produced "piece-meal" as they were

located by David Feldman, Sr.    There was no bad faith, nor was there willful disobedience of a Court order or intentional delay.

Poulis also held that if the Court determines that there was conduct giving rise to sanctions, are there sanctions available to curtail the discovery transgression.  In this regard, respondent avers that although the sanction of a warning, admonition or imposition of counsel fees is available to this Court, such is not appropriate because the documents have been produced and the relevant factors in Poulis have not been satisfied to warrant any sanctions.   The documents were dutifully produced pursuant to this Court's October 22, 2020 Order, though some documents were produced two (2) business days after the Court's 7 day directive, albeit for good cause shown.  See Rosen Declaration, attached.

The additional factor to consider in entertaining sanction is the meritoriousness of plaintiff's claim.  Although plaintiff's claim is potentially meritorious, it rests upon a specious oral agreement allegedly entered into many years prior to initiating the suit; further, based upon the documents provided and the pleadings filed, the potentially meritorious claim is subject to several affirmative defenses, not the least of which is the applicability of the statute of limitations, which is Four (4) years for breach of contract under Pennsylvania law.  Further, on its face, plaintiff's claim for return of his money is unfounded, because based on his own pleadings, plaintiff gave defendants money for an investment, not a loan;  plaintiff cannot claim that the money paid by plaintiff was both a loan and an investment.  Therefore, if this Court opines that there was no oral agreement, then plaintiff's claim can not stand.   Further, although plaintiff vacuously included an unjust enrichment claim, is it admitted in the amended complaint that plaintiff's payments to defendants were between December 2013 and February 2017, which was 1 ½ years prior to defendants' first state-sanctioned bare knuckle boxing event in June of

2018- further, it has always been defendants' position, which to date has not been rebutted by any document or facts, that none of plaintiff's investment monies were used to finance the June 2018 boxing event.

For all of the above-stated reasons, good cause has been demonstrated why this Court should DENY preclusion in this case.

## 2. THIS COURT SHOULD NOT AWARD COUNSEL FEES AS A SANCTION

First and foremost, counsel fees should not be awarded because this sanctions motion should not have been filed. On October 22, 2020, an Order was entered requiring documents to be produced, the specificity of the documents were set forth in the parties' status conference on that date, and the documents were produced. Plaintiff now seeks to bootstrap to seek counsel fees which were already denied in this Court's prior Order of October 16, 2020 denying sanctions.

In a light most favorable to movant, this Court should at worst award counsel fees of $2,475 to plaintiff, for this most motion. However, this should not be an indictment that defendants did not comply with this Court's October 22, 2020 Order, as defendants aver that they did substantially comply with this Court's Order. On the other hand, as there was substantial compliance, it would not be an abuse of this Court's discretion to deny sanctions altogether, so as to keep this case moving along towards trial or amicable resolution.

## 3. THE MOTION SHOULD ALSO BE DENIED BECAUSE IT RELIES UPON INACCURATE ASSERTIONS AND REPRESENTATIONS.

Your defendants wish to point out to the Court that the within sanctions motion contains inaccurate assertions, representations, and characterizations, rendering the motion *en toto*

misleading. Based upon these inaccuracies and misstatements alone, the motion should be denied, inclusive but not limited to the following:

a) Defendants produced documents in their Initial Disclosures and/or revised Initial Disclosures, and initial Responses to RPD on July 20, 2020;

b) Defendants did not seek a protective order because "they disagreed with Plaintiff's theory of the case", as plaintiff falsely asserted at Page 2 of his motion; to the contrary, defendants sought a protective order because they were rightfully wary of producing confidential documents and information, which if produced without any Order, would foreseeably enable plaintiff to inflict damages upon defendants – as a result of the motion for protective order, this Court approved a Stipulation for confidentiality and Court seal of information and documents.

c) Defendants did not seek to preclude discovery through the filing of a "frivolous" motion to bifurcate. To the contrary, defendants properly sought to file a motion to bifurcate **for exactly the reasons that the bifurcation statute exists-**

"for convenience, to avoid prejudice, or to expedite and economize."

See Rule 42(b), F.R.Civ.Pro.

Your movant should familiarize himself with the law pertaining to bifurcation, and in doing so, respondent suggests the case of Zimkiewicz vs. R + R Carriers, Inc., Civil No. 13-00438-RDB (U.S.D.C. MD 2013). In that case, the Court discusses the law pertaining to bifurcation and the various reasons for bifurcation. The Court does not opine that because a motion for bifurcation is filed and denied, that the motion is frivolous. Further, the filing of a motion for bifurcation is NOT to express dissatisfaction with a party's theory of the case, as wrongly postulated by movant. Bifurcation rests solely with the discretion of the Court. In

this case at bar, bifurcation of liability and damages would avoid inconvenience, and would expedite and economize.   The reason that bifurcation was specifically sought in this case was because the defendants basically consist of one person- defendant David Feldman, Jr. and principal of the specifically named defendant companies.  According to the amended complaint, the acts giving rise to liability occurred during or about 2013 when the parties allegedly entered into an oral agreement.  Therefore, the amount of information and documentation pertaining to liability is miniscule as compared with the amount of information and documentation pertaining to damages.   All bank statements, tax records, corporate records, and hundreds if not thousands of documents, dating back many years, involving many companies, would not need to be produced if the Court would agree to bifurcate the case- thereby entertaining a trial on liability, and if liability was found, a second trial on damages.

      Accordingly, the filing of the motion for bifurcation was not frivolous.  Defense counsel is under an obligation to competently and zealously represent its clients, and filing the motion for bifurcation was meritorious and appropriate. At status conference after its filing, this Court indicated that it would be inclined to deny the motion to bifurcate, leading to respondent's withdrawal of said motion, with respect for this Court's exercise of its discretion.  Such does not make the motion to bifurcate, and movant's representation as such is just plain false.

      d)  Plaintiff repeatedly claims that it took defendants five (5) months to produce documents, when documents were coming throughout the 5-months referred to;

      e)  Plaintiff misleadingly complains about the " too many emails  . . . Dropbox links, and Google Drive links to practicably count" (Brief at P. 4), yet what was produced was exactly the scope of the responses sought by plaintiff (see Declaration of Simon Rosen, Esq., attached);

    f)   The telephonic communications between counsel set forth in Paragraph 16 and 17 of movants Brief (at p. 4), is misleading, because it states only a portion of the communication (see Declaration of Simon Rosen, Esq., attached);

    g)   Such other misrepresentations and misstatements set forth in movant's brief.

He who seeks equity must do equity. Granting any award of counsel fees appeals to this Court's equitable powers. Your respondent avers that movant is attempting to gild the lily, and in doing so, embellishing the facts, and down right misrepresenting them. For these reasons, sanctions should be denied.

### III.  **CONCLUSION**

For the above-stated reasons, this Court should DENY plaintiff's Motion for Sanctions.

Dated: November 20, 2020                 /Simon Rosen, Esq./

                                                         Counsel for Defendants/Respondents

## **CERTIFICATE OF SERVICE**

I, Simon Rosen, Esq., hereby Certify that a true and correct copy of the within Memorandum of Law in opposition to motion for sanctions and accompanying papers was duly served upon all interested by parties on 11-20-20 through the Court's ECF Filing system.

Dated: 11-20-20                           /Simon Rosen, Esq./