# **DECLARATION**

     I Simon J. Rosen, Esq., hereby Declare under penalty of perjury that the following is true and correct, to the best of my knowledge information and belief:

1. I am counsel of record for defendants in this case.
2. The facts set forth in today's response to motion for sanctions are true and correct, to the best of my knowledge, information and belief.
3. There has not been bad faith or false representations made by myself or by my client to deceive or mislead this Court; my client has notified me, and I informed plaintiff repeatedly, that my client will turnover documents as they are located.
4. Plaintiff's counsel omitted the fact that during the course of this litigation, from time to time he has asked for information or documents- such names, addresses, existence of certain documents- this has been a regular occurrence during the course of litigation- I always cooperated or sought to cooperate (except prior to the issuance of a confidentiality / seal order in August 2020); I provided whatever information I was able to provide- for example.
5. There was not willful non-compliance on defendants' part.
6. The Timeline attached to the response to motion for sanctions is based upon the facts set forth in the amended complaint.
7. In his brief, plaintiff misleadingly indicates that nothing has been done for five months, and that nothing was provided to him prior to September or thereabouts- this is untrue- Documents were provided on 5/21/20, 7/20/20, 8/5/20, 8/7/20, 9/4/20, 9/18/20, 9/24/20, and 10/28/20 through 11/2/20; defendants produced extensive fighting contracts, even

contracts, promotion contracts, media contracts, operating ageements, bank statements, tax returns, P&L statements, emails and texts, writings, between many people, and involving not only the named defendant companies, but on behalf of companies that defendant Feldman has dealings with.

8. I submit that defendants' turnover of documents acts to comply with this Court's Order of 10/22/20, and the reason that certain documents were turned over on 10/30/20 and 11/2/20 was because a few hundred attachments or so were emailed to me by defendants on 10/30/20 but could not be forwarded by email to plaitniffs' counsel due to the size of the attachments; instead, I directed defendants to re-configure the email attachments into separate Google Drive folders and files, which tasks took well into the next business day, that being November 2, 2020; when the folders and files were sent to plaintiff through many links on Google Drive, he was unable to open them without being given access to pen them- due to clerical error - however when plaintiff alerted me to this fact, I promptly had defendants provide access so that plaintiff was able to open up and review all the links.

9. To be clear, despite plaintiff's represesentations to the contrary, defendants substantially complied with the federal rules, in their entirety, because the folders, files and emails forwarded to plaintiff were all or substantially were labeled,  <u>for the ease of plaintiff</u>, identifying the nature of each production,  and to comply with the federal rules requiring that each item produced should be linked to a request; for example, emails containing documents and links produced were labeled in the "Subject Matter" of each such email as follows:

"MORE DOCS AND INFO ON RUFO AND McLAUGHLIN"

    "BARE KNUCKLE FIGHTING CHAMPIONSHIPS, LLC BANK STATEMENTS 2017-2020"

    BKFC BANK STATEMENTS FROM 2 ACCOUNTS

    "LINK FOR FORMATION DOCS"

    "TAX RETURNS FOR BARE KNUCKLE FIGHTING CHAMPIONSHIPS, LLC AND BARE KNUCKLE FIGHTING, LLC

10. Your movant would have this Court believe that plaintiff was sent a load of links and documents, in no particular fashion, this is patently false; to the contrary, as the documents correlated with the chart that plaintiff referenced in the parties' status conference of 10/22/20, and as the vast majority, if not all, of the items produced were labeled and thereby identified, it was abundantly clear as to which documents were responsive to which request for production.

    AND SO I DECLARE AS OF THIS DATE.

    Dated: November 20, 2020        /Simon J. Rosen, Esq./

**EXHIBIT "A"**